1 JETERS, Judge.
The appellant, Gene Claude Choplin, is one of three children born of the marriage of Dorothy E. Derise Choplin and the late Eugene Choplin, Jr. He alleges discrepancies in the detailed descriptive list and the sale of succession property, seeks an accounting by the executrix, and seeks to set aside a judgment sending all of the legatees into possession.
Eugene C. Choplin died on December 26, 1992, in Rapides Parish, Louisiana. He was survived by his wife, Dorothy E. Derise Choplin, and three children, Gene Claude Choplin, Kurt Samuel Choplin, and Marilyn Kay (Choplin) Smith. Three days before his death, he executed a will leaving his wife the usufruct over all immovable property, and full ownership of all movable property belonging to him at his death. He left his three children equal shares in the naked ownership of the immovable property. The surviving spouse was appointed executrix.
|2On March 24, 1993, the will was presented for probate. Dorothy E. Derise Choplin was then confirmed as testamentary executrix and letters testamentary issued. On the same day, the newly appointed testamentary executrix obtained court authority to sell a 1986 Chevrolet Silverado Crew Cab truck for $4,500.00.
On July 22,1993, Dorothy E. Derise Chop-lin and Kurt Samuel Choplin petitioned the court for a judgment placing all the legatees in possession of the estate in accordance with the will. Attached to that petition was a detañed descriptive list, the state inheritance tax return and individual affidavits of the petitioners accepting the succession unconditionally. In his affidavit, Kurt Samuel Chop-lin fully discharged his mother from any and all obligations as executrix. An ex parte judgment of possession was granted on the same day placing all legatees in possession pursuant to the terms of the will. According to the record, Marilyn Kay Smith and Gene Claude Choplin were never joined to, nor given notice of, the proceedings. We note no final accounting was filed, and the judgment is sñent as to the discharge of the testamentary executrix.
Gene C. Choplin timely filed a devolutive appeal. We need only consider his contention that placing the legatees in possession without an administration or without all of the legatees joining the request to be placed in possession violates the provisions of Louisiana Code of Civil Procedure article 3031. That article provides in relevant part:
“When a testament has been probated, and subject to the provisions of Article 3033, the court may send the legatees into possession of their respective legacies *891 without an administration of the succession, on their ex parte petition, when all of the legatees are either competent or are acting through their qualified legal representatives, all competent residuary legatees accept the succession unconditionally, and none of the creditors of the succession has demanded its administration.” (Emphasis added.)
In the instant case, all of the legatees did not join in the petition and did not accept the succession unconditionally. |8Therefore, under Louisiana Code of Civil Procedure article 3031, it was error to place them in possession without an administration.
Thus, we set aside and vacate the judgment of possession and remand the case for further proceedings. Having set aside the judgment of possession, we pretermit addressing the alleged discrepancies in the detailed descriptive list, the requirement of accounting, and the sale of the motor vehicle.
DISPOSITION
For the foregoing reasons, we set aside and vacate the judgment of possession. We remand to the trial court for further proceedings. We assess costs of this appeal to Dorothy E. Derise Choplin and Kurt Samuel Choplin.
VACATED AND REMANDED.